NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TIGER SUPPLIES INC d/b/a ALPINE INDUSTRIES, INC, | Civil Action No. 20-15566 (SRC) |
| Plaintiff, |  |
|  | **OPINION & ORDER** |
| v. |  |
| MAV ASSOCIATES LLC AND MICHAEL DEL TITO, |  |
| Defendants. |  |

**CHESLER**, District Judge

      This matter comes before the Court on the motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 by Defendants MAV Associates ("MAV") and Michael Del Tito ("Del Tito") (collectively "Defendants"). [ECF 33]. Plaintiff, Tiger Supplies Inc. ("Plaintiff"), has opposed the motion. [ECF 37]. Because Defendants' motion for sanctions is premature, the Court will dismiss the motion without prejudice.

   **I.**   **BACKGROUND**

      In brief, Plaintiff is a manufacturer and distributor of products in the food service and janitorial industries. (Amended Compl. ¶ 7). MAV is an independent manufacturer's representative in the janitorial and sanitation industry, (Def's Memorandum in Support of Motion for Sanctions, p. 5), and Del Tito is MAV's sole member, (Notice of Removal, p. 3). The dispute arises out of a Sales Representative Agreement ("the Agreement") Plaintiff and MAV entered into in January 2018. (Amended Compl. ¶ 9). Under the Agreement, MAV was

1

authorized to sell Plaintiff's products to janitorial dealers in a specified geographic area. (Amended Compl. ¶ 9).

Plaintiff originally filed a Complaint in New Jersey state court alleging Defendants misappropriated Plaintiff's confidential information for their own advantage in breach of the Agreement. [ECF 1]. Defendants removed the action to this Court in November 2020. [ECF 1]. After removal, Plaintiff filed an Amended Complaint, which includes twelve different causes of action—some sounding in contract, others sounding in tort, and others alleging violations of state and federal trade secret and trademark law. (Amended Compl. ¶¶ 34-126). Discovery has since commenced, and Defendants have now filed a motion for sanctions, arguing Plaintiff's Amended Complaint lacks any factual support or legal basis. [ECF 33]. As such, they ask this Court to (1) admonish Plaintiff and/or its counsel, (2) order Plaintiff to reimburse Defendants for all fees incurred by Defendants in defending Plaintiff's claims, and (3) dismiss all of Plaintiff's claims against Defendants. [ECF 33]. Defendants argue the Court has the legal authority to order these remedies under Rule 11 and 28 U.S.C. § 1927. The Court addresses each grant of authority in turn.

II. DISCUSSION

A. Rule 11

Defendants' motion for sanctions pursuant to Rule 11 is premature. Rule 11 imposes an "affirmative duty" on every party who signs a pleading, motion, or other paper to "conduct a reasonable inquiry into the facts and law before filing." Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 551 (1991); see also Fed. R. Civ. P. 11(b). The Court may sanction attorneys and/or litigants for violations of Rule 11. Fed. R. Civ. P. 11(c). However, Rule 11 is not a vehicle for resolving the merits of the parties' legal and factual claims. StrikeForce

Techs., Inc. v. WhiteSky, Inc., No. 13-cv-01895, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013). Instead, it is meant to penalize abusive litigation tactics and irresponsible lawyering. Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94–95 (3d Cir. 1988).

Here, Defendants' motion for sanctions is aimed at the merits of their dispute with Plaintiff. Indeed, Defendants' motion reads like a summary judgment motion pursuant to Rule 56—it includes almost nine hundred pages of discovery material and contains its own statement of undisputed material facts. [ECF 33]. But Rule 11 cannot be used as a substitute for Rule 56. See Wartsila NSD North America, Inc. v. Hill Int'l, Inc., 315 F. Supp. 2d 623, 627 (D.N.J. 2004) ("A [Rule 11] motion should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes."). As such, the Court will deny Defendants' motion for Rule 11 sanctions without prejudice. If they so choose, the parties may file motions for summary judgment. Defendants may resubmit their motion for sanctions, if they feel it is still appropriate, after the Court rules on summary judgment.[1]

### B. 28 U.S.C. § 1927

Defendants also have not shown that sanctions under 28 U.S.C. § 1927 are warranted at this time. Under § 1927 "[a]ny attorney. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Third Circuit has explained the sanctions are meant to "deter an attorney from intentionally and unnecessarily delaying judicial proceedings. . . ." LaSalle Nat. Bank v. First Conn. Holding

---

[1] With this in mind, the Court reminds the parties that Rule 11 sanctions, including attorneys' fees, are only warranted in "exceptional circumstances. . . where a claim or motion is patently unmeritorious or frivolous." Doering v. Union Cnty. Bd. Of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (quoting Gairardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987)).

Grp., 287 F.3d 279, 288 (3d Cir. 2002) (emphasis in original). Here, Defendants have not provided any evidence or documentation indicating that Plaintiff has intentionally delayed the proceedings. Therefore, § 1927 sanctions are inappropriate at this time.[2]

### III.  ORDER

For the foregoing reasons, it is **SO ORDERED** that Defendants' motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 [ECF 33] is **DENIED**; and it is further

**ORDERED** that Defendants' motion for sanctions [ECF 33] is **DISMISSED** without prejudice.

s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: January 21, 2022

---

[2] Despite Plaintiff's request for attorneys' fees for defending the pending motion, (Pl. Br. at 20), the Court sees no basis for awarding costs or fees to either side.